# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRAKASH MOHANTY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVID TECHNOLOGY, INC., LOUIS HERNANDEZ, JR, and ILAN SIDI,<br><br>Defendants. | Case No. 1:16-cv-12336-IT<br><br>CLASS ACTION |

## ORDER PRELIMINARILY APPROVING CLASS CERTIFICATION, APPOINTMENT OF COUNSEL AND SETTLEMENT, AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court styled *Mohanty v. Avid Technology, Inc. et al.*, Case No.: 1:16-cv-12336-IT (the "Action");

WHEREAS, the Court previously appointed Plaintiff David Wayne Hammond as Lead Plaintiff and approved Lead Plaintiff's Selection of Johnson & Weaver, LLP, as Lead Counsel[1] and Hutchings Barsamian Mandelcorn, LLP, as Liaison Counsel;

WHEREAS, the Lead Plaintiff has moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated November 30, 2017 (the "Stipulation") between Lead Plaintiff on behalf of a class described further below, and the Defendants, which,

---

[1] Johnson & Weaver, LLP, subsequently notified the court that it had changed its name to Johnson Fistel, LLP.

together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action against the Defendants, with prejudice, upon the terms and conditions set forth therein, and the release of claims against the Defendants and certain related persons; and

WHEREAS the Court has reviewed and considered Lead Plaintiff's Motion for Preliminary Approval, the Stipulation and the Exhibits annexed thereto, and the record in the above-captioned matter; and having heard argument of counsel at the January 3, 2018, hearing on the motion,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement of this Action as set forth in the Stipulation, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on **Monday, April 30, 2018, at 2:45 p.m.**, at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class such that the Class should be finally certified for purposes of settlement and the Settlement should be approved by the Court; to determine whether a Judgment and Order of Dismissal with Prejudice should be entered, and if so, whether it should be in substantially the form set forth as Exhibit B to the Stipulation; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs, and expenses that should be awarded to Lead Counsel; to determine the amount of costs and expenses to be awarded to Lead Plaintiff (including for lost wages); to hear objections to the Stipulation or to the Plan of Allocation or any award of fees, expenses, and costs to Lead Counsel and Lead Plaintiff; and to consider such matters as the Court may deem appropriate. The Court

may adjourn or continue the Final Approval Hearing or alter its time or date without further notice to Class Members but will not set it earlier than the time and date set forth in this paragraph.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of settlement, a Class defined as all Persons and entities who purchased or otherwise acquired the common stock of Avid Technology, Inc. ("Avid" or the "Company") between August 4, 2016 and November 9, 2016, inclusive (the "Class Period"). Excluded from the Class are:

(a) Persons or entities who submit valid and timely requests for exclusion from the Class. Such requests for exclusion from the Class shall become effective when and if the Court finally certifies the Class; and

(b) Defendants, members of the immediate family of any such Defendant, any Person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period; the officers and directors of Avid during the Class Period; and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person. The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.* for its own account) interest in the Company's common stock. To the extent that a Defendant-Controlled Entity purchased Avid stock in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee-benefit plan that otherwise falls within the Class, neither such Defendant-Controlled Entity nor the third-party client,

account, fund, trust, or employee-benefit plan shall be excluded from the Class with respect to such Avid stock.

4.     Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court preliminarily appoints, for purposes of settlement only, Lead Counsel and Liaison Counsel who have appeared in this matter, namely, Frank J. Johnson, Michael I. Fistel, Jr., and Theodore M. Hess-Mahan, as Class Counsel. Prior to any final approval of settlement, any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice who is admitted, or admitted *pro hac vice*, to the bar of the District of Massachusetts, for the purpose of participating in proceedings relating to this Court's consideration of the proposed Settlement. Class Members who do not enter an appearance will be represented by Class Counsel.

5.     For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.     The Court approves as to form and content, the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), Proof of Claim and Release form, and the Summary Notice, substantially in the forms annexed hereto as Exhibits A, B, and C respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the

manner and form set forth in ¶7 of this Order, and the methods set forth herein for notifying the Class of the Stipulation and the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. The Court appoints the firm Garden City Group, LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) By **January 19, 2018**, Avid shall provide the Claims Administrator with a list of names and addresses of record holders who purchased or otherwise acquired Avid common stock during the Class Period in an electronic format acceptable to the Defendants and the Claims Administrator;

(b) Not later than **January 29, 2018**, the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all potential Class Members who can be identified with reasonable effort and to be posted on its website at www.AvidSecuritiesSettlement.com. The Notice and Proof of Claim and Release form shall request that Nominees who purchased or otherwise acquired Avid common stock for the benefit of another Person during the Class Period shall forward the Notice and Proof of Claim and Release form to such beneficial owners of Avid common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such

beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners;

(c) Not later than **February 2, 2018**, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *IBD Weekly* and once over a national newswire service; and

(d) Not later than **April 16, 2018**, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Other than (i) the cost of providing the names and addresses of Persons who purchased or otherwise acquired Avid common stock during the Class Period to Lead Counsel and/or the Claims Administrator, and (ii) the costs and expenses of providing notice pursuant to the Class Action Fairness Act, all fees, costs, and expenses incurred in identifying and notifying Class Members shall be paid from the Settlement Fund as set forth in ¶3.6 of the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶3.6 of the Stipulation.

9. If the Settlement is approved by the Court, all Class Members (except Persons who request exclusion pursuant to ¶12 below) shall be bound by all determinations and Judgments in this Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release

form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

10. Class Members who seek a payment pursuant to the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Such Release shall not be effective unless and until the Court finally approves the Settlement. Unless the Court orders otherwise, all Proofs of Claim and Releases must be postmarked or submitted electronically no later than **April 19, 2018**.  Unless the Court orders otherwise, any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but shall nevertheless be bound by any Final Judgment entered by the Court.  Notwithstanding the foregoing, if the Settlement is approved, Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  Class Counsel shall not incur any liability for declining to accept any late-submitted claim.

11. The Proof of Claim and Release submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the Person executing the Proof of Claim and Release is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be

included in the Proof of Claim and Release; and (iv) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, or hand-delivered such that it is received no later than **April 9, 2018**. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; and (b) that the Person wishes to be excluded from the Class. Persons submitting such Requests for Exclusion are requested to provide the approximate dates and number of shares of Avid common stock purchased, acquired, or sold during the Class Period in order to assist the Court, Lead Plaintiff, and Defendants in assessing the Settlement at the Final Approval Hearing. If the Settlement and Class Certification is finally approved, all Persons who submitted valid and timely Requests for Exclusion in the manner set forth in this paragraph and did not revoke in writing such Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by Stipulation or any Final Judgment.

13. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible, and in any event no later than **April 23, 2018**.

14. Any potential Class Member (including those potential Class Members who have submitted a timely Request for Exclusion) may appear and object if he, she, or it has any reason why the proposed Settlement of this Action should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not

be approved, why attorneys' fees, costs, and expenses should not be awarded to Lead Counsel or Lead Plaintiff; provided, however, that absent leave of Court no potential Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or the proposed Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees, costs, and expenses to be awarded to Lead Counsel or Lead Plaintiff, unless no later than **April 9, 2018,** written objections and copies of any papers and briefs are directly filed with the Clerk of the United States District Court for the District of Massachusetts or are received by Lead Counsel Frank J. Johnson, Johnson Fistel, LLP 600 West Broadway, Suite 1540, San Diego, CA 92101 or Defendants' counsel John D. Donovan, Jr., Prudential Tower, 800 Boylston Street, Boston, MA 02199, who in turn shall promptly file such papers on behalf of the objector on the Court's docket. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and absent leave of Court prior to or at the Final Approval Hearing shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees, costs, and expenses to Lead Counsel or Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

15. All funds held by Lead Counsel as Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees, costs, and expenses shall be filed and served no later than **February 23, 2018**, and if any objections have been filed, any reply papers shall be filed and served no later than **April 23, 2018**.

17. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, and expenses, should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶3.6 or ¶3.8 of the Stipulation.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission or concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any Person in this Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation. The

Defendants, Released Persons, Plaintiff, Class Members, and each of their counsel, may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in this Stipulation as injunctive relief.

20. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Defendants or any other Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

21. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order, any Releases signed pursuant to this Order, and any Requests for Exclusion from the preliminarily certified Class shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against any party, and the parties shall be deemed to have reverted to their respective litigation positions in this Action as of October 13, 2017.

IT IS SO ORDERED.

DATED: January 12, 2018         /s/ Indira Talwani
                                United States District Judge