**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| PRAKASH MOHANTY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:16-cv-12336-IT |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| AVID TECHNOLOGY, INC., LOUIS HERNANDEZ, JR, and ILAN SIDI, | ) ) ) | |
| Defendants. | ) ) ) | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT A**

TO:   **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF AVID TECHNOLOGY, INC. ("AVID" OR THE "COMPANY") DURING THE PERIOD FROM AUGUST 4, 2016 THROUGH NOVEMBER 9, 2016, INCLUSIVE (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE APRIL 19, 2018**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Action") between Lead Plaintiff and Defendants Avid, Louis Hernandez, Jr., and Ilan Sidi (the "Individual Defendants," and collectively with Avid, the "Defendants"), the proposed One Million, Three Hundred and Twenty-Five Thousand United States Dollars ($1,325,000.00) cash settlement reached therein (the "Settlement"), and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as well as Lead Plaintiff's counsel's application for fees, costs, and expenses, and Lead Plaintiff's request for his time and expenses incurred in representing the Class.  This Notice describes what steps you may take in relation to the Settlement and this Action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the proposed Settlement of the Action and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IF THIS SETTLEMENT IS APPROVED | |
| --- | --- |
| **SUBMIT A PROOF OF CLAIM AND RELEASE FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim and Release forms must be postmarked or submitted online on or before April 19, 2018.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement.  **Exclusions must be postmarked on or before April 9, 2018.** |

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated November 30, 2017 (the "Stipulation"), which is available on the website www.AvidSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS TO CHALLENGE THE PROPOSED SETTLEMENT | |
|---|---|
| **OBJECT** | Write to the Court about why you disagree with the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses.  You will still be a Class Member.  **Objections must be** *received* **by the Court and counsel on or before April 9, 2018.** |
| **GO TO THE HEARING ON APRIL 30, 2018** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be** *received* **by the Court and counsel on or before April 9, 2018.** Unless such requests are timely filed, you will not be heard at the Final Approval Hearing on April 30, 2018, absent leave of court. |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a One Million, Three Hundred and Twenty-Five Thousand United States Dollars ($1,325,000.00) cash settlement has been established.  Based on Lead Plaintiff's analysis, the estimated average recovery per damaged share under the Plan of Allocation is roughly $0.11 per damaged share, before deduction of notice and administration costs, and the attorneys' fees, costs, and expenses as determined by the Court.  **Class Members should note, however, that this is only an estimate.**  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim.  An individual Class Member may receive more or less than this estimated average amount.  *See* Plan of Allocation set forth and discussed at pages 12-14 below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The parties disagree on both liability and damages, and do not agree on the average amount of damages per Avid common share that would be recoverable if the Class prevailed on each claim alleged.  The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty-three and one-third percent (33.33%) of the Settlement Amount, plus expenses and costs not to exceed $75,000.00, plus interest earned on fees, expenses, and costs at the same rate as earned by the Settlement Fund. Since the Action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this litigation on a wholly-contingent basis and has advanced all of the expenses of the Action in the expectation that if it was successful in obtaining a recovery for the Class, it would be paid from such recovery. In addition, Lead Plaintiff may seek up to $10,000 for his time and expenses (including lost wages) incurred in representing the Class. The requested attorneys' fees and expenses amount to an average cost of approximately $0.04 per damaged share of Avid common stock. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim and Releases submitted.

### Further Information

For further information regarding the Action or this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 1-877-982-0120 or visit the website www. AvidSecuritiesSettlement.com.

You may also contact the representative of counsel for the Class: Frank J. Johnson, Johnson Fistel, LLP, 600 West Broadway, Suite 1540, San Diego, CA 92101, (619) 230-0063, www.johnsonfistel.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

### Reasons for the Settlement

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or any wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation.

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a United States Federal Court because you, someone in your family, or an investment account for which you serve as custodian may have purchased Avid common stock during the time period from August 4, 2016 through November 9, 2016, inclusive (the "Class Period").

This Notice explains the Action, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the District of Massachusetts, and the case is known as *Mohanty v. Avid Technology, Inc. et al.*, Case No.: 1:16-cv-12336-IT.  The case has been assigned to the Honorable Indira Talwani.  The individual representing the Class is the "Lead Plaintiff," and the companies and individuals he sued and who have now settled are called the Defendants.

| **2.** | **What is this lawsuit about?** |
|---|---|

On November 21, 2016, a putative class action was filed in the United States District Court for the District of Massachusetts alleging violations of federal securities laws.  The Court has appointed the law firm of Johnson Fistel, LLP (formerly known as Johnson & Weaver, LLP) as Lead Counsel.  David Wayne Hammond is the Court-appointed Lead Plaintiff.

The Corrected Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the Action on April 19, 2017, alleged that the Defendants made public statements during the Class Period that contained untrue statements and omitted facts required to be stated therein or required to make the statements therein not misleading.  The Complaint asserts claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

The Defendants filed a motion to dismiss the Complaint on June 14, 2017, which Lead Plaintiff opposed on July 31, 2017.  Briefing related to the Defendants' motion dismiss was completed on August 21, 2017.  At the time Lead Plaintiff and the Defendants reached the Settlement, the Defendants' motion to dismiss remained pending.

Defendants deny each and every claim and allegation of wrongdoing alleged by Lead Plaintiff in the Action.  Defendants contend that they did not make any materially false or misleading statements and that they disclosed all material information required to be disclosed by the federal securities laws.  Defendants also contend that any losses allegedly suffered by Class Members were not caused by any false or misleading statements or omissions by Defendants and/or were caused by intervening events.

| **3.** | **Why is this a class action?** |
|---|---|

In a class action, one or more people called the plaintiff(s) sues on behalf of people who have similar claims.  All of the people with similar claims are referred to as a class or class members.  One court resolves the issues for all class members, except for those who exclude themselves from the class.

| **4.** | **Why is there a Settlement?** |
|---|---|

The Court has not decided in favor of the Defendants or of Lead Plaintiff and has not yet approved this Settlement.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement if it is approved, you first have to decide if you are a Class Member.

| **5.** | **How do I know if I am part of the Settlement?** |
|---|---|

The Court directed that everyone who fits this description is a Class Member: ***all Persons who purchased or otherwise acquired*** Avid common stock during the time period from August 4, 2016 through November 9, 2016, inclusive, except those Persons and entities that are excluded, as described below.

Excluded from the Class are Defendants, members of the immediate family of any such Defendant, any Person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period; the officers and directors of Avid during the Class Period; and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person.  The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.* for its own account) interest in the Company's common stock.  To the extent that a Defendant-Controlled Entity purchased Avid stock in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee-benefit plan that otherwise falls within the Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee-benefit plan shall be excluded from the Class with respect to such Avid stock.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 12 below.

If one of your mutual funds owns Avid common stock, that alone does not make you a Class Member.  You are a Class Member only if you directly purchased or acquired Avid common stock during the Class Period.  Contact your broker to see if you have purchased or acquired Avid common stock.

If you sold Avid common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you ***purchased or acquired*** Avid common stock, as defined above.

**Please Note**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before April 19, 2018.

| 6. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-877-982-0120, or you can fill out and return the Proof of Claim and Release form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 7. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid) One Million, Three Hundred and Twenty-Five Thousand United States Dollars ($1,325,000.00) in cash to be distributed after taxes, fees, and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim and Release form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 8. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proof of Claim and Release forms that Class Members send in, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 9. | How can I get a payment? |
|---|---|

To be potentially eligible to receive a payment from the Settlement if it is approved, you must submit a Proof of Claim and Release form.  A Proof of Claim and Release form is enclosed with this Notice or it may be downloaded at www.AvidSecuritiesSettlement.com.   Read the instructions carefully, fill out the Proof of Claim and Release, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than April 19, 2018.**   The Proof of Claim and Release form may be submitted online at www.AvidSecuritiesSettlement.com.

| 10. | When would I get my payment? |
|---|---|

**The Court will hold a Final Approval Hearing on April 30, 2018, at 2:45 p.m.,** to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim and Releases to be processed.  Please be patient.

| 11. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means, if the Settlement is approved, you cannot sue, continue to sue, or be part of any other

lawsuit against Defendants or their Related Persons about the Released Claims (as defined below) in this Action.  It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims, demands, losses, damages, rights, causes of action, liabilities, obligations, judgments, suits, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' and consultants' fees, actions, potential actions, causes of action, suits, judgments, decrees, matters, as well as issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, fixed or contingent, that have been, or could have been, asserted in the Action or in any court, tribunal, forum, or proceeding (including, but not limited to, any claims arising under federal, state, or foreign law, statute, rule, or regulation relating to alleged fraud, negligence, violations of the federal securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class, arising from or relating to both (a) the purchase or other acquisition of the Company's common stock during the Class Period, and (b) the acts, facts, statements, or omissions that were, or could have been, alleged by Plaintiff in the Action, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) Avid's public statements and SEC filings which arise out of, or relate in any way to, the allegations or subject matter of the Action; (ii) actions taken by the Individual Defendants which arise out of, or relate in any way to, the allegations or subject matter of the Action; (iii) any transaction in Avid securities by any Defendant, current or former officer or director of such Defendant, or affiliated entity during the Class Period; (iv) public statements made by the Individual Defendants which arise out of, or relate in any way to, the allegations or subject matter of the Action; and (v) arise out of, or are based upon, the purchase, sale, decision to hold, or other acquisition of Avid securities during the Class Period (the "Release").  This Release extends to any and/or all Defendants, and any and/or all of their Related Persons.  "Released Claims" includes "Unknown Claims" as defined below.  Released Claims does not include claims to enforce the Settlement, nor does it include any currently pending related ERISA or stockholder derivative actions.  "Released Persons" means each and all of the Defendants, and each and all of their Related Persons.

- "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors, and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, underwriters, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them, in their capacity as such, or any trust of which any Defendant and/or their Related

Persons is the settlor, or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family, and any entity in which any such Defendant and/or their Related Persons has a controlling interest.  "Related Person" means, individually, any of the Related Persons.

• "Unknown Claims" means any Released Claims which Plaintiff or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, and any claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, each and all of the Class Members, and Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with, and release of, the Released Persons or Plaintiff, each and all of the Class Members, and Plaintiff's Counsel, or might have affected his, her, or its decision not to object to this Settlement or seek exclusion.  Unknown Claims include those Released Claims in which some or all of the facts related to the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived, relinquished, and released, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by or under California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Plaintiff, Class Members, and the Released Persons may hereafter discover facts in addition to, or different from, those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims and the claims released by the Released Persons, but Plaintiff and Defendants shall expressly, and each Class Member and Released Person, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, or the claims released by the Released Persons, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action.

Plaintiff and Defendants acknowledge, and the Class Members and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential, material term of the Settlement relied upon by each and all of the Defendants in entering into the Stipulation of which this release is a part.

If you remain a Class Member, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself—or is sometimes referred to as "opting out."

| 12. | How do I get out of the Class and the proposed Settlement? |
|-----|------------------------------------------------------------|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in *Mohanty v. Avid Technology, Inc. et al.*, Case No.: 1:16-cv-12336-IT." A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; and (b) that the Person wishes to be excluded from the Class. Persons submitting such Requests for Exclusion are requested to provide the approximate dates and number of shares of Avid common stock purchased, acquired, or sold during the Class Period in order to assist the Court, Lead Plaintiff, and Defendants in assessing the Settlement at the Final Approval Hearing. You must submit your exclusion request so that it is **postmarked no later than April 9, 2018** to:

*Mohanty v. Avid Technology, Inc. et al.*
c/o GCG
P.O. Box 10525
Dublin, OH 43017-4525
www.AvidSecuritiesSettlement.com

If you ask to be excluded, and the Settlement is approved, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Action, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

| 13. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |
|-----|--------------------------------------------------------------------------------------------------------------|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is April 9, 2018.

| **14.** | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, you should not send in a Proof of Claim and Release to ask for any money.  But, you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons about the claims raised in the Action.

## THE LAWYERS REPRESENTING YOU

| **15.** | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered the law firm of Johnson Fistel, LLP (formerly known as Johnson & Weaver, LLP) to represent the Class Members, including you.  These lawyers are called Lead Counsel.  You will not be charged for Lead Counsel's services.  Lead Counsel will be paid from the Settlement Fund to the extent the Court approves its application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **16.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty-three and one-third percent (33.33%) of the Settlement Amount, and for expenses and costs in an amount not to exceed $75,000.00 in connection with the Action, plus interest on such fees, expenses, and costs at the same rate as earned by the Settlement Fund.  In addition, Lead Plaintiff may request up to $10,000 for his time and expenses (including lost wages) incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly-contingent basis.  To date, Lead Counsel have not been paid for their services for conducting this Action on behalf of Lead Plaintiff and the Class nor for their substantial litigation expenses.  The fee requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **17.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can comment or object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and/or Lead Plaintiff's time and expense request.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on, or object to, the proposed Settlement in *Mohanty v. Avid Technology, Inc. et al.*, Case No.: 1:16-cv-12336-IT.  Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of Avid common stock you

purchased or acquired during the Class Period, and state your comments or the reasons why you object to the proposed Settlement.  Your comments or objection must be filed with the Court or mailed or delivered to either of the following addresses such that it is **received no later than April 9, 2018:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS 1 Courthouse Way Suite 2300 Boston, MA 02210 | Frank J. Johnson JOHNSON FISTEL, LLP 600 West Broadway, Suite 1540 San Diego, CA  92101 | John D. Donovan, Jr. ROPES & GRAY LLP Prudential Tower 800 Boylston Street Boston, MA 02199 |

**18.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement.

Excluding yourself is telling the Court that you do not want to be paid through the Settlement and do not want to release any claims you think you may have against the Defendants and their Related Persons.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

**19.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Final Approval Hearing at **2:45 p.m., on April 30, 2018**, in the Courtroom of the Honorable Indira Talwani, at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff.  After the Final Approval Hearing, the Court will decide whether to approve the Settlement, the Plan of Allocation, and the fee and expense requests.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Lead Counsel and/or the Settlement website www.AvidSecuritiesSettlement.com beforehand to be sure that the date and/or time has not changed.

**20.    Do I have to come to the hearing?**

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk

about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 21. | May I speak at the hearing? |
|-----|------------------------------|

If you object to the Settlement, the Plan of Allocation, or the requests for fees, costs, and expenses, you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include with your objection (*see* question 17 above) a statement saying that it is your "Notice of Intention to Appear in the *Mohanty v. Avid Technology, Inc. et al.*, Case No.: 1:16-cv-12336-IT."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or any requested award to Plaintiff for his reasonable costs and expenses (including lost wages) and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.  Your notice of intention to appear must be **received no later than April 9, 2018,** and addressed to the Clerk of Court, Lead Counsel, and Defendants' counsel, at the addresses listed above in question 17.

## IF YOU DO NOTHING

| 22. | What happens if I do nothing? |
|-----|--------------------------------|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and their Related Persons about the Released Claims in this Action.

## GETTING MORE INFORMATION

| 23. | How do I get more information? |
|-----|---------------------------------|

This Notice summarizes the proposed Settlement.  You can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-877-982-0120.  Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement-related papers filed in the Action, which are posted on the Settlement website at www.AvidSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, during regular business hours.  For a fee, all papers filed in this Action are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
## CLASS MEMBERS

The Settlement Amount of One Million, Three Hundred and Twenty-Five Thousand United States Dollars ($1,325,000.00) cash and any interest earned thereon is the "Settlement

Fund." If the Settlement is approved, the Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund"), shall be distributed to Class Members who submit timely and valid Proof of Claim and Release forms to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Avid common stock during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. For this Action, the Plan of Allocation takes into account the alleged drop in Avid common stock price on November 10, 2016, following the alleged corrective disclosure on November 9, 2016. The Plan of Allocation is not a damage analysis.

The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

Subject to certain contingencies set forth below, the Net Settlement Fund will be distributed to Authorized Claimants with respect to their Recognized Loss Amounts based on their Class Period purchases or acquisitions of Avid common stock.

A "Recognized Loss Amount" will be calculated for each eligible purchase or acquisition of Avid common stock during the Class Period for which adequate documentation is provided. The calculation will depend upon several factors, including: (i) when the shares were purchased or otherwise acquired; and (ii) whether the shares were sold and, if so, when they were sold and for how much.

In this Action, Lead Plaintiff alleges that Defendants violated the Exchange Act by making false and misleading statements during the Class Period, which had the effect of artificially inflating the price of Avid common stock. Defendants have denied, and continue to deny, all such allegations and maintain that their conduct was at all times proper and in compliance with the law.

The disclosure that allegedly removed the alleged artificial inflation from the price of Avid common stock occurred after the close of trading on November 9, 2016. Accordingly, in order to have a compensable loss, Avid common stock purchased or otherwise acquired during the time period from August 4, 2016 through November 9, 2016, inclusive, must have been held until at least the end of trading on November 9, 2016, the day of the alleged corrective disclosure.

To the extent that an Authorized Claimant does not satisfy the condition set forth in the preceding paragraph, his, her, or its Recognized Loss Amount for those transactions will be zero, since any such loss is not compensable under the federal securities laws.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

Based on the formula set forth below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Avid common stock during the Class Period that is listed in the Proof of Claim and Release form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

For each share of Avid common stock purchased or otherwise acquired during the period from August 4, 2016, and November 9, 2016, inclusive, and:

**(i)**     sold prior to the close of trading on November 9, 2016, the Recognized Loss Amount is $0.00;

**(ii)**    sold at a loss between the close of trading on November 9, 2016 through February 7, 2017, inclusive, the Recognized Loss Amount shall be the least of (but not less than zero):

(a)     $1.62;

(b)     purchase/acquisition price minus the sale price; and

(c)     purchase/acquisition price minus the Private Securities Litigation Reform Act of 1995 ("PSLRA") rolling-average price on the date of sale as set forth in Table A attached to the end of this Notice; and

**(iii)**   still held as of the close of trading on February 7, 2017, the Recognized Loss Amount shall be the lesser of (but not less than zero):

(a)     $1.62; and

(b)     the purchase/acquisition price minus the PSLRA 90-day look-back price of $4.70[2] per share.

---

[2] Pursuant to Section 21(D)(e)(1) of the PSLRA (15 U.S.C. §78u-4(e)(1)), "the award of damages to the plaintiff shall not exceed the difference between the purchase . . . price paid . . . by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  The mean closing price of Avid common stock during the 90-day period beginning after market close on November 9, 2016, and ending on February 7, 2017, was $4.70.

Pursuant to Section 21(D)(e)(2) of the PSLRA (15 U.S.C. §78u-4(e)(2)), "if the plaintiff sells . . . the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the

**ADDITIONAL PROVISIONS**

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Avid common stock described above during the Class Period are subtracted from all losses.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

If a Class Member has more than one purchase/acquisition or sale of Avid common stock, all purchases/acquisitions shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all of the Avid common stock purchased or otherwise acquired during the Class Period.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

Purchases/acquisitions and sales of Avid common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Avid common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Avid common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Avid common stock unless (i) the donor or decedent purchased or otherwise acquired such Avid common stock during the Class Period; (ii) no Proof of Claim and Release form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Avid common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Avid common stock.  The date of a "short sale" is deemed to be the date of sale of the Avid common stock.

---

misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

Pursuant to Section 21(D)(e)(3) of the PSLRA (15 U.S.C. §78u-4(e)(3)), the "'mean trading price' of a security shall be an average of the daily trading price of that security, determined as of the close of the market each day during the 90-day period referred in paragraph (1)."

Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that an Authorized Claimant has an opening short position in Avid common stock, the earliest Class Period purchases or acquisitions of common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to Avid common stock purchased or sold through the exercise of an option, the purchase/sale date of the Avid common stock is the exercise date of the option and the purchase/sale price of the Avid common stock is the exercise price of the option.

To the extent an Authorized Claimant had a market gain with respect to his, her, or its overall transactions in Avid common stock during the Class Period, the value of the Authorized Claimant's Recognized Claim shall be zero. Such Authorized Claimants shall in any event be bound by the Settlement. To the extent that an Authorized Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Avid common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Authorized Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

For purposes of determining whether an Authorized Claimant had a market gain with respect to his, her, or its overall transactions in Avid common stock during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount, and (ii) the sum of the Total Sales Proceeds and Total Holding Value. This difference shall be deemed an Authorized Claimant's market gain or loss with respect to his, her, or its overall transactions in Avid common stock during the Class Period.[3]

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, additional settlement administration fees, costs, and expenses, including those of Plaintiffs' Counsel as may be approved by the Court; and (c) to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after

---

[3] The "Total Purchase Amount" is the total amount the Authorized Claimant paid (excluding commissions and other charges) for Avid common stock purchased or otherwise acquired during the Class Period. The Claims Administrator shall match any sales of Avid common stock during the Class Period first against the Authorized Claimant's opening position in Avid common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for sales of Avid common stock during the Class Period (if the sale can be matched against a Settlement Class Period purchase/acquisition) shall be the "Total Sales Proceeds." The Claims Administrator shall ascribe a holding value of $4.70 to Avid common stock purchased or otherwise acquired during the Class Period and still held as of the close of trading on February 7, 2017.

payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be distributed to an appropriate non-sectarian, non-profit charitable organization serving the public interest selected by Lead Counsel.

Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to any appropriate non-sectarian, non-profit, charitable organization(s) serving the public interest, to be recommended by Lead Counsel with the consent of the Defendants.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiff, Plaintiff's Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any Judgment entered and the releases given.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff to the Court for its approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.AvidSecuritiesSettlement.com.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired Avid common stock during the time period from August 4, 2016 through November 9, 2016, inclusive, for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each Person or organization for whom or which you purchased such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim and Release form, which will be provided to you free of charge, and within ten (10) calendar days mail the Notice and Proof of Claim and Release form directly to

the beneficial owner(s) of the securities referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of any beneficial owner(s).  Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator: *Mohanty v. Avid Technology, Inc. et al.*, c/o GCG, P.O. Box 10525, Dublin, OH 43017-4525.  Copies of this Notice and the Proof of Claim and Release may also be obtained from the website maintained by the Claims Administrator, www.AvidSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-877-982-0120.

DATED: January 12, 2018        BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
                                              FOR THE DISTRICT OF MASSACHUSETTS