# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRAKASH MOHANTY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVID TECHNOLOGY, INC., LOUIS HERNANDEZ, JR, and ILAN SIDI,<br><br>Defendants. | Case No. 1:16-cv-12336-IT<br><br>CLASS ACTION |

## PROOF OF CLAIM AND RELEASE

## EXHIBIT B

*Mohanty v. Avid Technology, Inc*
c/o GCG
P.O. Box 10525
Dublin, OH 43017-4525
Toll-Free Number: 1-877-982-0120
Settlement Website: www.AvidSecuritiesSettlement.com

# PROOF OF CLAIM AND RELEASE

To be potentially eligible to receive a share of the Net Settlement Fund[1] in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release form ("Proof of Claim and Release") and mail it by first-class mail to the above address, **postmarked no later than April 19, 2018**, or submit **online no later than April 19, 2018**.

Failure to submit your Proof of Claim and Release by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Proof of Claim and Release to the Court, the parties to the Action, or their counsel.  Submit your Proof of Claim and Release only to the Claims Administrator.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I–CLAIMANT INDENTIFICATION** | 3 |
| **PART II–GENERAL INSTRUCTIONS** | 4 |
| **PART III–SCHEDULE OF TRANSACTIONS IN AVID COMMON STOCK** | 7 |
| **PART IV–RELEASE OF CLAIMS AND SIGNATURE** | 9 |
| **RELEASE OF CLAIMS SIGNATURE** | 11 |

## PART I–CLAIMANT INDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Proof of Claim and Release.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

---

[1] All capitalized terms used in this Proof of Claim and Release that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated November 30, 2017 (the "Stipulation"), which is available on the website www.AvidSecuritiesSettlement.com.

Claimant Name(s) (as the name(s) should appear on check, if eligible for payment; if the shares are or were jointly owned, the names of all beneficial owners must be provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:    Zip Code:    Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[2]

Daytime Telephone Number:    Evening Telephone Number:

E-mail address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Record Owner's Name (if different from beneficial owner listed above):

## PART II–GENERAL INSTRUCTIONS

1.     To recover as a member of the Class based on your claims in the action entitled *Mohanty v. Avid Technology, Inc. et al.*, Case No.: 1:16-cv-12336-IT (D. Mass.) (the "Action"), you must complete and, on page 11 hereof, sign this Proof of Claim and Release. If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and

---

[2] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

Release, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3. **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN April 19, 2018, ADDRESSED AS FOLLOWS:**

*Mohanty v. Avid Technology Inc. et al.*
c/o GCG
P.O. Box 10525
Dublin, OH 43017-4525
www.AvidSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release.

4. If you are a Class Member and you did not timely request exclusion, you will be bound by the terms of any Judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

5. If you purchased or otherwise acquired Avid Technology, Inc. ("Avid") common stock during the time period from August 4, 2016 through November 9, 2016, inclusive (the "Class Period"), and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired Avid common stock during the Class Period and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer**.**

6. Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Avid common stock that forms the basis of this claim. THIS PROOF OF CLAIM AND RELEASE MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE AVID COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

7. All joint beneficial owners must each sign this Proof of Claim and Release and their names must appear as "Claimants" in Part I of this Proof of Claim and Release. Agents, executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this Proof of Claim and Release on behalf of Persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including that your titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

       8.      Use Part II of this form entitled "Schedule of Transactions in Avid Common Stock" to supply all required details of your transaction(s), including free transfers and deliveries in, and holdings of, Avid common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

       9.      On the schedule(s), provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Avid common stock which took place during the Class Period, regardless of whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the shares of Avid common stock you held at the close of trading on February 7, 2017.  Failure to report all such transactions may result in the rejection of your claim.

       10.     List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

       11.     The date of covering a "short sale" is deemed to be the date of purchase of Avid common stock.  The date of a "short sale" is deemed to be the date of sale of Avid common stock.

       12.     For each transaction, copies of broker confirmations or other documentation of your transactions in Avid common stock should be attached to your Proof of Claim and Release.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

       13.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  This is different from the online-submission process that is available at www.AvidSecuritiesSettlement.com.  To obtain the mandatory electronic-filing requirements and file layout, you may visit the settlement website at www.AvidSecuritiesSettlement.com or you may email the Claims Administrator's electronic-filing department at eClaim@choosegcg.com.  Any file not in accordance with the required electronic-filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@choosegcg.com to inquire about your file and confirm it was received and acceptable.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR PROOF OF CLAIM AND RELEASE BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-982-0120.**

# PART III–SCHEDULE OF TRANSACTIONS IN AVID COMMON STOCK

Please be sure to include proper documentation with your Proof of Claim and Release as described in detail in Part II–General Instructions, Paragraph 6, above.

| **A. HOLDINGS AS OF AUGUST 4, 2016**–State the total number of shares of Avid common stock held as of the opening of trading on August 4, 2016. (Must be documented.) If none, write "zero" or "0." <br><br>_____ | Confirm Proof of Position Enclosed <br><br> ○ |
|---|---|

**B. PURCHASES/ACQUISITIONS OF AVID PUBLICLY-TRADED COMMON STOCK FROM AUGUST 4, 2016 THROUGH NOVEMBER 9, 2016, INCLUSIVE**–Separately list each and every purchase or acquisition (including free receipts) of Avid common stock from after the opening of trading on August 4, 2016 through the close of trading on November 9, 2016. (All purchases/acquisitions must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Common Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Common Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

**IMPORTANT:**   (i) Identify by number listed above all purchases in which you covered a "short sale": _____

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

☐☐/☐☐/☐☐☐☐
MM/DD/YYYY     _____     _____
                   Merger Shares          Company

| **C. PURCHASES/ACQUISITIONS FROM AFTER THE CLOSE ON NOVEMBER 9, 2016 THROUGH FEBRUARY 7, 2017**–State the total number of shares of Avid common stock purchased or acquired (including free receipts) from after the close of trading on November 9, 2016 through and including the close of trading on February 7, 2017. If none, write "zero" or "0."[3] | Total Purchases/ Acquisitions | Confirm Proof of Purchase Enclosed |
|---|---|---|
| | | ○ |

---

[3] **Please note**: Information requested with respect to your purchases and acquisitions of Avid common stock from after close of trading on November 9, 2016 through and including February 7, 2017, is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss Amount pursuant to the Plan of Allocation.

| D. SALES OF AVID COMMON STOCK FROM AUGUST 4, 2016 THROUGH FEBRUARY 7, 2017–Separately list each and every sale or disposition (including free deliveries) of Avid common stock from after the opening of trading on August 4, 2016 through the close of trading on February 7, 2017. (All sales must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| **E. HOLDINGS AS OF FEBRUARY 7, 2017–**State the total number of shares of Avid common stock held as of the close of trading on February 7, 2017. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART IV–RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 11.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors, and assigns, I (we) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to my (our) claim as a Class Member (Class Members) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any Judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Avid securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Avid common stock during the time period from August 4, 2016, through November 9, 2016, inclusive, and know of no other Person having done so on my (our) behalf.

**RELEASE**

1.  Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants, and each and all of their Related Persons as provided in the Stipulation.  "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors, and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, underwriters, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them, in their capacity as such, or any trust of which any Defendant and/or their Related Persons is the settlor, or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family, and any entity in which any such Defendant and/or their Related Persons has a controlling interest.  "Related Person" means, individually, any of the Related Persons.

2.  "Released Claims" means any and all claims, demands, losses, damages, rights, causes of action, liabilities, obligations, judgments, suits, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' and consultants' fees, actions, potential actions, causes of action, suits, judgments, decrees, matters, as well as issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, fixed or contingent, that have been, or could have been, asserted in the Action or in any court, tribunal, forum, or proceeding (including, but not limited to, any claims arising under federal, state, or foreign law, statute, rule, or regulation relating to alleged fraud, negligence, violations of the federal securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class, arising from or relating to both (a) the purchase or other acquisition of the Company's common stock during the Class Period,

and (b) the acts, facts, statements, or omissions that were, or could have been, alleged by Plaintiff in the Action, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) Avid's public statements and SEC filings which arise out of, or relate in any way to, the allegations or subject matter of the Action; (ii) actions taken by the Individual Defendants which arise out of, or relate in any way to, the allegations or subject matter of the Action; (iii) any transaction in Avid securities by any Defendant, current or former officer or director of such Defendant, or affiliated entity during the Class Period; (iv) public statements made by the Individual Defendants which arise out of, or relate in any way to, the allegations or subject matter of the Action; and (v) arise out of, or are based upon, the purchase, sale, decision to hold, or other acquisition of Avid securities during the Class Period (the "Release"). This Release extends to any and/or all Defendants, and any and/or all of their Related Persons. "Released Claims" includes "Unknown Claims" as defined in the Notice. Released Claims does not include claims to enforce the Settlement, nor does it include any currently pending related ERISA or stockholder derivative actions. "Released Persons" means each and all of the Defendants, and each and all of their Related Persons.

        3.        "Unknown Claims" means any Released Claims which Plaintiff or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, and any claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, each and all of the Class Members, and Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with, and release of, the Released Persons or Plaintiff, each and all of the Class Members, and Plaintiff's Counsel, or might have affected his, her, or its decision not to object to this Settlement or seek exclusion. Unknown Claims include those Released Claims in which some or all of the facts related to the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived, relinquished, and released, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by or under California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiff, Class Members, and the Released Persons may hereafter discover facts in addition to, or different from, those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims and the claims released by the Released Persons, but Plaintiff and Defendants shall expressly, and each Class Member and Released Person, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, or the claims released by the Released Persons, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist,

or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action.  Plaintiff and Defendants acknowledge, and the Class Members and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential, material term of the Settlement relied upon by each and all of the Defendants in entering into the Stipulation of which this release is a part.

4. I (We) hereby warrant and represent that I (we) have not assigned or transferred, or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5. I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Avid common stock which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Proof of Claim and Release.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM AND RELEASE IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                                    Date

_____
Print your name here

_____
Signature of joint claimant, if any                                                                                 Date

_____
Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                                       Date

_____
Print your name here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant—see paragraph 7 on pages 4-5 of this Proof of Claim and Release.)

## **REMINDER CHECKLIST:**

1. Please sign the above release and certification. If this Proof of Claim and Release is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you. **Do not send** originals of certificates.

3. Please do not highlight any portion of the Proof of Claim and Release or any supporting documents.

4. Keep copies of the completed Proof of Claim and Release and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard.

6. If you move, please send the Claims Administrator written notification of your new address to the address below.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN April 19, 2018, ADDRESSED AS FOLLOWS:**

*Mohanty v. Avid Technology, Inc.*
c/o GCG
P.O. Box 10525
Dublin, OH 43017-4525
www.AvidSecuritiesSettlement.com