January 11, 2018

The Honorable Judge Talwani
United States District Judge for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Courtroom 9, 3rd Floor
Boston, Massachusetts 02210

      Re:    *Mohanty v. Avid Technology, Inc. et al.*, No. 1:16-cv-12336-IT
            Joint Response to Proposed Modifications to Settlement Documents

Dear Judge Talwani:

      The Parties[1] write in response to the Court's request for objections to the Court's changes to the Preliminary Approval Order, Notice of Pendency and Proposed Settlement of Class Action ("Notice of Pendency"), Proof of Claim and Release, and Summary Notice in the above-referenced matter. *See* Dkt. Nos. 50-1 & 50-2. The Parties have no objections to the Court's changes to the Proof of Claim and Release or the Summary Notice, but jointly object to two aspects of the Court's proposed modifications to the Preliminary Approval Order and Notice of Pendency, as detailed below.

      First, the Parties request that ¶ 12 of the Preliminary Approval Order and Question 12 of the Notice of Pendency be modified to require that shareholders who wish to be excluded from the Settlement identify the approximate *date* and the *number* of Avid shares that they acquired during the Class Period.[2] The Parties do <u>not</u> object to the Court's removal of any requirement that shareholders who wish to opt out of the Settlement disclose the *price* paid to acquire shares in Avid, but believe that the requirement of information about the number of shares purchased and the approximate date those shares were acquired is relevant to both the Court's review of the proposed Settlement and the Defendants' contractual rights to terminate it in certain circumstances.

---

[1]    The Parties refer to, collectively, Lead Plaintiff David Wayne Hammond and Defendants Avid Technology, Inc. ("Avid"), Louis Hernandez, Jr., and Ilan Sidi.

[2]    The Parties note that the provisions governing exclusion from the Class differ in the Preliminary Approval Order and the Notice of Pendency. *Compare* Preliminary Approval Order, ¶ 12 *with* Notice of Pendency, Question 12. Accordingly, the Parties propose that both documents should be consistent to avoid confusion amongst shareholders wishing to exclude themselves, if any. The Parties also note that the provision notifying Class members of their right to object to the Settlement, rather than the section concerning exclusions in the Notice of Pendency, may have been inadvertently modified. *Compare* Notice of Pendency, Question 12 *with* Question 17. If, however, the Court intended to modify Question 17 of the Notice of Pendency, the Parties also object to such modification, and propose that shareholders who wish to object to the Settlement be required to identify the approximate date and the number of Avid shares that they acquired during the Class Period. Without this information, neither the Court nor the Parties can determine whether an objector is a Class member with standing to object. *See* FED. R. CIV. P. 23(e)(5); *Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, 581 (5th Cir. 2007) ("[T]he right to object to settlement in a securities class action must rest on something more than . . . bare assertions of stock-ownership . . . .").

Honorable Judge Talwani                                                                                          January 11, 2018

The disclosure of the approximate number of shares acquired during the class period ensures that the Court can appropriately evaluate the Class's reaction to the Settlement by comparing the number of shares that opt out of the Class, if any, to the number of shares that support and participate in the Settlement. Case law indicates that such an assessment may be relevant to the Court's decision whether to grant final approval to the Settlement. *See Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) ("The number of requests for exclusion from the settlement, as well as the number and substance of objections filed, is relevant to this Court's analysis of the settlement."). In a securities class action such as this matter, this assessment typically turns on the number of shares that were acquired during the Class Period and that elect to opt out—not just the number of persons who choose to opt out. *See Hill v. State St. Corp.*, No. 09-12146-GAO, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015), aff'ed 794 F.3d 227 (2015) (considering in report and recommendation that "only ten requests for exclusion from the Settlement Class were received," which "represent only 896 shares purchased during the Settlement Class Period—a tiny percentage of the shares that are eligible to participate in the Settlement").

In addition to assisting the Court's consideration of the Class's reaction to the Settlement, information about the number of shares excluded from the Settlement, and the approximate dates on which those shares were purchased or otherwise acquired, is necessary to allow Defendants to assess whether to exercise their bargained-for contractual right to terminate the Settlement because of a large number of opt-outs. Accordingly, the Parties propose that a request for exclusion must include the number of Avid shares that the shareholder acquired, as well as the approximate date(s) of each acquisition. *See* Preliminary Approval Order, ¶ 12; Notice of Pendency, Question 12.

Second, the Parties propose to clarify ¶ 2 of the Preliminary Approval Order to provide that a hearing will be held to determine whether the "Class should be finally certified **for purposes of settlement only**." *See Amchem Prod. Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* FED. RULE. CIV. PROC. 23(b)(3)(D), for the proposal is that there be no trial.").

Respectfully submitted,

|  |  |
|---|---|
| *s/ Michael I. Fistel, Jr.* | *s/ Matthew L. McGinnis* |
| MICHAEL I. FISTEL | MATTHEW L. MCGINNIS |

JOHNSON FISTEL, LLP
40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
michaelf@johnsonfistel.com

JOHNSON FISTEL, LLP
Frank J. Johnson
600 W Broadway, Suite 1540
San Diego, CA, 92101
Telephone: 619/230-0063
Facsimile: (619) 255-1856
frankj@johnsonfistel.com

John D. Donovan, Jr.
Michael J. Shiposh
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
john.donovan@ropesgray.com
matthew.mcginnis@ropesgray.com
michael.shiposh@ropesgray.com

*Counsel for Avid Technology, Inc., Louis Hernandez, Jr., and Ilan Sidi*

HUTCHINGS BARSAMIAN
    MANDELCORN, LLP
Theodore M. Hess-Mahan
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

*Counsel for Lead Plaintiff*